JOHN A. O'MALLEY (Bar No. 101181)
DAVID BEN-MEIR (Bar No. 192028)
**Fulbright & Jaworski LLP**
555 South Flower Street
Forty-First Floor
Los Angeles, California  90071
Telephone: (213) 892-9200
Facsimile:  (213) 892-9494
john.omalley@nortonrosefulbright.com
david.ben-meir@nortonrosefulbright.com

RICHARD S. ZEMBEK *(to be admitted pro hac vice)*
DANIEL A. PRATI *(to be admitted pro hac vice)*
**Fulbright & Jaworski LLP**
1301 McKinney, Suite 5100
Houston, Texas  77010
Telephone: (713) 651-5151
Facsimile:  (713) 651-5246
richard.zembek@nortonrosefulbright.com
danny.prati@nortonrosefulbright.com

SHEILA KADURA *(to be admitted pro hac vice)*
**Fulbright & Jaworski LLP**
98 San Jacinto Boulevard, Suite 1100
Austin, Texas  78701
Telephone: (512) 474-5201
Facsimile:  (512) 536-4598
sheila.kadura@nortonrosefulbright.com

Attorneys for Defendant Elsevier Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COGENT MEDICINE INC., | Case No.  5:13-cv-04479-RMW |
| Plaintiff, | **DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS** |
| v. | |
| ELSEVIER INC., | Date:  September 19, 2014 |
| Defendant. | Time:  9:00 AM |

I.  **INTRODUCTION**

The U.S. Supreme Court's decision in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014) ("*CLS Bank*"), holding computer method and apparatus claims patent-ineligible (1) is entirely consistent with the arguments and authorities Elsevier submitted in support of its motion to dismiss (*see* Doc. 17; Doc. 24); (2) further confirms that the claims of U.S. Patent No. 7,133,879 ("the '879 Patent") do not meet the requirements of 35 U.S.C. § 101 ("Section 101"); and (3) resulted in vacatur of the primary authority relied on by Cogent Medicine Inc. ("Cogent") in opposing dismissal. *CLS Bank* directly refutes many of the arguments in Cogent's opposition (Doc. 19) to the motion to dismiss:

- That claims are "computerized," "computer-implemented," or "computer-based," or otherwise expressly require a "computer" (Doc. 19 at 1, 3-4, 7, 10, 11, 13, 16-18), does not confer patent eligibility. *See CLS Bank*, 134 S. Ct. at 2353, 2357-59 (claims were patent-ineligible even though "[a]ll of the claims are implemented using a computer" and "the system and media claims expressly recite a computer").

- Reciting generic computer structures such as a "computing device," "storage means," or "data folder[]" (*see* Doc. 19 at 4-5, 13, 16-17) will not satisfy Section 101. *See CLS Bank*, 134 S. Ct. at 2360 (claim limitations "data processing system," "communications controller," and "data storage unit" were "purely functional and generic" such that they did not confer patent eligibility).[1]

- System claims are not patent eligible merely "because they are directed to concrete computer systems" (Doc. 19 at 13-14). *See CLS Bank*, 134 S. Ct. at 2360 ("[T]he system claims are no different from the method claims in substance. The method claims recite the abstract idea implemented on a generic computer; the system claims recite a handful of generic computer components configured to implement the same idea.")

---

[1] This portion of *CLS Bank* is consistent with this Court's determination in *Compression Technology Solutions* that the claims' requirement of an "information processor" did not confer patent eligibility. *Compression Tech. Solutions LLC v. EMC Corp.*, No. C-12-01746 RMW, 2013 U.S. Dist. LEXIS 78338, at *24-25 (N.D. Cal. May 29, 2013), *aff'd*, 2014 U.S. App. LEXIS 4902 (Fed. Cir. Mar. 10, 2014).

- 1 -

- The principles articulated in *Bilski v. Kappos*, 561 U.S. 593 (2010), and *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289 (2012), apply equally to method **and** system claims. *See CLS Bank*, 134 S. Ct. at 2360 (citing *Bilski* and *Mayo* as authority for invalidating method claims); *contra* Doc. 19 at 14-15 (arguing that cases directed to method claims, including *Bilski* and *Mayo*, are "inapposite" to system claims).

- *Mayo* applies to claims directed to laws of nature or computer-implemented inventions. *See CLS Bank*, 134 S. Ct. at 2357-60; *contra* Doc. 19 at 18 n.4 (arguing that *Mayo* is applicable only when claims recite laws of nature).

- *Ultramercial, Inc. v. Hulu, LLC*, 722 F.3d 1335 (Fed. Cir. 2013)—the primary authority cited by Cogent in its opposition (*see* Doc. 19 at 5-6, 9-11, 16-17)—cannot support any of Cogent's arguments because the Supreme Court has now vacated that case and remanded for reconsideration in view of *CLS Bank*. *WildTangent, Inc. v. Ultramercial, LLC*, 2014 U.S. LEXIS 4647 (June 30, 2014).

As discussed below, *CLS Bank* and two post-*CLS Bank* decisions compel the conclusion that the '879 Patent's claims are directed to an abstract idea—i.e., organizing and presenting information to a user according to the user's preferences—and the conventional computer-related steps and limitations recited in the claims do not provide the "inventive concept" necessary to transform that abstract idea into patent-eligible subject matter.

## II.   ARGUMENT

### A.   THE CLAIMS OF THE '879 PATENT ARE DIRECTED TO AN ABSTRACT IDEA

The claims at issue in *CLS Bank* were "drawn to the abstract idea of intermediated settlement." 134 S. Ct. at 2355. As the Court explained, that concept is "fundamental" and "long prevalent" in commerce. *Id.* at 2356-57. The same analysis applies to the claims of the '879 Patent. They are drawn to the abstract idea of organizing and presenting information to a user according to the user's preferences. As Cogent has effectively admitted, physicians were doing that themselves prior to the '879 Patent, just without some of the computer implementation that Cogent asserts is required by its claims. *See* Doc. 19 at 2 (physicians would "read peer-reviewed

DOCUMENT PREPARED ON RECYCLED PAPER

1  journals or conduct regular searches of computer databases," "keep paper files on subjects of
2  interest to them," and "regularly update these paper files"); *see also* Doc. 24 at 4. Thus, the
3  concept of organizing and presenting information according to one's preferences is
4  "fundamental" and "long prevalent" in much the same way as "intermediated settlement." *See*
5  *CLS Bank*, 134 S. Ct. at 2355-57. Accordingly, as in *CLS Bank*, Cogent's patent claims "are
6  squarely within the realm of 'abstract ideas' as [the Court has] used that term." *Id.* at 2357.

7        A post-*CLS Bank* case holding claims similar to those of the '879 Patent ineligible under
8  Section 101 is instructive. In *DietGoal Innovations LLC v. Bravo Media LLC*, the claims covered
9  methods and systems for computerized meal planning, and recited, for example, "a User
10  Interface," "a Database of food objects organizable into meals," and "Picture Menus." No. 13
11  Civ. 8391 (PAE), 2014 U.S. Dist. LEXIS 92484, at *4-7 (S.D.N.Y. July 8, 2014). Applying *CLS*
12  *Bank* and *Bilski*, the court determined that the claims were directed to the "abstract concept of
13  selecting meals for the day, according to one's particular dietary goals and food preferences," *id.*
14  at *30-31, which is very similar to the abstract idea at the heart of Cogent's claims—organizing
15  and presenting information to a user according to the user's preferences. As the *DietGoal* court
16  reasoned, the claimed concept of meal-planning is "at least as longstanding as the economic
17  practices of risk-hedging (invalidated in *Bilski*) and intermediated settlement (invalidated in [*CLS*
18  *Bank*])." *Id.* This same reasoning applies to organizing and presenting information according to
19  preferences.

20        The *DietGoal* court further explained that the patent claims at issue "recite steps that,
21  although computer-implemented by virtue of the patent application, could 'be performed in the
22  human mind, or by a human using a pen and paper,'" and such a method "'is merely an abstract
23  idea and is not patent-eligible under § 101.'" *Id.* at 32 (quoting *CyberSource Corp. v. Retail*
24  *Decisions, Inc.*, 654 F.3d 1366, 1373 (Fed. Cir. 2011)). So too here. While Cogent asserts that
25  its patent requires computer implementation, the basic steps could be performed by a human
26  (such as, for example, a physician or librarian) using a pen, paper, and physical file folders. *See*
27  Doc. 17 at 11-12; Doc. 24 at 4. As in *DietGoal*, the '879 Patent "at most . . . merely 'provides a

28

DOCUMENT PREPARED ON RECYCLED PAPER

new and presumably better method'" for organizing and presenting medical information. *DietGoal*, 2014 U.S. Dist. LEXIS 92484, at *34 (quoting *Parker v. Flook*, 437 U.S. 584, 594 (1978)). "This is not the kind of 'discover[y]' that § 101 was designed to protect." *Id.* (citing *Flook*, 437 U.S. at 593; *Cybersource*, 654 F.3d at 1373).

### B. THE CLAIMS OF THE '879 PATENT LACK THE REQUISITE "INVENTIVE CONCEPT"

Further supporting dismissal of Cogent's claims, *CLS Bank* confirms that claims directed to abstract ideas must "contain[] an 'inventive concept' sufficient to 'transform' the claimed abstract idea into a patent-eligible application." 134 S. Ct. at 2357. A claim fails that standard when it merely (1) requires a computer or recites generic computer components or functions (*see id.* at 2353, 2357-60; *supra* at 1) or (2) recites "conventional activity, previously engaged in by those in the field" (*Mayo*, 132 S. Ct. at 1299).

Here, to the extent a computer is involved in the process of organizing and presenting information to a user, it merely accomplishes generic computer functions such as accepting information, organizing information, and sending information. *See* '879 Patent (Ex. 1 to Doc. 17) at claim 1; Doc. 17 at 2-7. *CLS Bank* held such processes are insufficient to confer patent eligibility. *See* 132 S. Ct. at 2359 (use of a computer to "create and maintain 'shadow' accounts," "obtain data, adjust account balances, and issue automated instructions" are conventional functions that do not confer patent eligibility); *see also Digitech Image Techs., LLC v. Elecs. for Imaging, Inc.*, -- F.3d --, 2014 U.S. App. LEXIS 13149, at *13 (Fed. Cir. 2014) ("Without additional limitations, a process that employs mathematical algorithms to manipulate existing information to generate additional information is not patent eligible.").[2] That the computer may help physicians more efficiently maintain a personalized library of medical information does not confer patent eligibility.[3]

---

[2] *See also DietGoal*, 2014 U.S. Dist. LEXIS 92484, at *35-45 ("creating customized lists by retrieving information from a stored database," "manipulating data based on inputs from the user," and "displaying the results on a visual display" are "conventional computer tasks" that do not confer patent eligibility).

[3] *Compare Bancorp Servs., L.L.C. v. Sun Life Assurance Co. of Canada*, 687 F.3d 1266, 1279 (Fed. Cir. 2012) (claims were patent-ineligible when "the computer simply performs more efficiently what could otherwise be accomplished manually") *with SiRF Tech., Inc. v. Int'l Trade*

- 4 -

DOCUMENT PREPARED ON RECYCLED PAPER

Moreover, Cogent's patent claims cannot be "saved by virtue of the notion that the computers used were somehow 'specialized' by virtue of performing the abstract processes at issue." *Lumen View Tech. LLC v. Findthebest.com, Inc.*, 984 F. Supp. 2d 189, 202 (S.D.N.Y. 2013); *contra* Doc. 19 at 10 ("Under § 101, a computer programmed with this software is a particular 'machine.'") (citing *In re Alappat*, 33 F.3d 1526, 1545 (Fed. Cir. 1994) (en banc)). The same could have been said of the *CLS Bank* claims, or even the *DietGoal* claims, but they were nonetheless invalid under Section 101. As Judge Lourie explained in the Federal Circuit's *CLS Bank* plurality opinion:

> We are faced with abstract methods coupled with computers adapted to perform those methods. And that is the fallacy of relying on *Alappat* . . . . Not only has the world of technology changed, but the legal world has changed. The Supreme Court has spoken since *Alappat* on the question of patent eligibility, and we must take note of that change. Abstract methods do not become patent-eligible machines by being clothed in computer language.

*CLS Bank Int'l v. Alice Corp. Pty. Ltd.*, 717 F.3d 1269, 1292 (Fed. Cir. 2013), *aff'd*, 134 S. Ct. 2347 (2014).

### III. CONCLUSION

Elsevier respectfully requests that the Court dismiss Cogent's Complaint pursuant to Rule 12(b)(6) without leave to amend.

Dated: August 4, 2014
JOHN A. O'MALLEY
DAVID BEN-MEIR
RICHARD S. ZEMBEK
DANIEL A. PRATI
SHEILA KADURA

**FULBRIGHT & JAWORSKI LLP**

By  s/ Richard S. Zembek
   RICHARD S. ZEMBEK
   Attorney for Defendant Elsevier, Inc.
   E-mail: richard.zembek@nortonrosefulbright.com

---

*Comm'n*, 601 F.3d 1319, 1333 (Fed. Cir. 2010) (claims were patent-eligible when they recited a GPS receiver that "play[s] a significant part in permitting the claimed method to be performed, rather than function[ing] solely as an obvious mechanism for permitting a solution to be achieved more quickly, i.e., through the utilization of a computer for performing calculations").