JOHN A. O'MALLEY (Bar No. 101181)
DAVID BEN-MEIR (Bar No. 192028)
**Fulbright & Jaworski LLP**
555 South Flower Street
Forty-First Floor
Los Angeles, California 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494
john.omalley@nortonrosefulbright.com
david.ben-meir@nortonrosefulbright.com

RICHARD S. ZEMBEK *(to be admitted pro hac vice)*
DANIEL A. PRATI *(to be admitted pro hac vice)*
**Fulbright & Jaworski LLP**
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
richard.zembek@nortonrosefulbright.com
danny.prati@nortonrosefulbright.com

SHEILA KADURA *(to be admitted pro hac vice)*
**Fulbright & Jaworski LLP**
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701
Telephone: (512) 474-5201
Facsimile: (512) 536-4598
sheila.kadura@nortonrosefulbright.com

Attorneys for Defendant Elsevier Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COGENT MEDICINE INC., <br><br> Plaintiff, <br><br> v. <br><br> ELSEVIER INC., <br><br> Defendant. | Case No. 5:13-cv-04479-RMW <br><br> **DEFENDANT'S SUPPLEMENTAL REPLY IN SUPPORT OF MOTION TO DISMISS** <br><br> Date: September 19, 2014 <br> Time: 9:00 AM |

## I. INTRODUCTION

Cogent Medicine Inc. ("Cogent") neither disputes that organizing and presenting information to a user according to the user's preferences is an abstract idea, nor that the claims of U.S. Patent No. 7,133,879 ("the '879 Patent") encompass that concept. The limitations that Cogent asserts it has added to that abstract idea do not confer patent eligibility because they merely provide a field of use or conventional activity. Elsevier's motion to dismiss (Doc. 17) should be granted.

## II. ARGUMENT

### A. THE CLAIMS OF THE '879 PATENT ARE DIRECTED TO AN ABSTRACT IDEA

Despite arguing that "[t]he claims of the '879 Patent are not directed to any abstract idea," Doc. 44 at 2, Cogent does not and cannot dispute that organizing and presenting information to a user according to the user's preferences is an abstract idea. In fact, Cogent admits that that concept was "broad, basic, and widely known," *id.*, much like the abstract ideas at issue in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014) ("*CLS Bank*"), and *Bilski v. Kappos*, 561 U.S. 593 (2010).

Instead, Cogent focuses on generic computer elements and argues that this abstract idea "do[es] not match" or is "far broader than" the claims of the '879 Patent because, according to Cogent, its patent claims include features beyond the abstract idea, such as data folders and preselected medical information. Doc. 44 at 2-3. This argument confuses the first step of the patent-eligibility analysis—where the court determines whether the claims at issue "are directed to" an abstract idea—with the second step of the inquiry—where the court asks whether the additional elements beyond the abstract idea confer patent eligibility. *See CLS Bank*, 134 S. Ct. at 2355. First, there is no dispute that the concept of organizing and presenting information to a user according to a user's preferences is an abstract idea. Second, Cogent neither disputes that the claims of the '879 Patent encompass that abstract idea nor could it because, as the '879 Patent itself states, "[t]he present invention relates generally to the organization of data for presentation to a computer user" in a manner that is "personalized" to the user. Ex. 1 to Doc. 17 at 1:13-18.

DOCUMENT PREPARED ON RECYCLED PAPER

Accordingly, the question for this court is whether the recitation of additional elements such as data folders and preselected information can rescue the claims. *See CLS Bank*, 134 S. Ct. at 2355. For the reasons discussed below, the answer is no.

### B. THE CLAIM LIMITATIONS EMPHASIZED BY COGENT DO NOT CONFER PATENT ELIGIBILITY

The claim limitations relied on by Cogent in its supplemental brief do not confer patent eligibility because they merely (1) "limit[] an abstract idea to one field of use"; (2) "add[] token post solution components"; or (3) add "conventional activity, previously engaged in by those in the field." *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289, 1299, 1301 (2012) (internal quotation marks omitted); *see also CLS Bank*, 134 S. Ct. at 2357-59.

First, Cogent's supplemental brief repeatedly argues that the claims of the '879 Patent are limited to "medical information," but limiting an abstract idea to one field of application does not confer patent eligibility. *See Mayo*, 132 S. Ct. at 1297-99; *Bilski*, 130 S. Ct. at 3231.[1]

Second, Cogent asserts that its claims "are directed to a specific user interface." Doc. 44 at 2-3. However, none of the method claims—claims 1-11 and 13-20—recite an "interface" at all. The claim language governs the Section 101 analysis—not descriptions that are found only in the specification. *See* Doc. 24 at 2-3. And even if the claims did recite an "interface," that would not render them patent eligible. *See id.* at 4.[2] Further, apparatus claims 12 and 21 merely repeat the steps of method claims 1 and 13, respectively, with the addition of generic elements (e.g., "user interface and storage means") for performing the steps, which "do[es] not meaningfully distinguish the abstract idea over the patent ineligible method claim." *Accenture Global Servs., GmbH v. Guidewire Software*, Inc., 728 F.3d 1336, 1344 (Fed. Cir. 2013); *see* Doc. 17 at 17-19.

Third, Cogent's focus on "providing medical information in data folders," Doc. 44 at 2-3,

---

[1] *See also Compression Tech. Solutions LLC v. EMC Corp.*, No. C-12-01746 RMW, 2013 U.S. Dist. LEXIS 78338, at *21 (N.D. Cal. May 29, 2013) (limiting claims to context insensitive parsing and digital data did not render them patent eligible), *aff'd*, 2014 U.S. App. LEXIS 4902 (Fed. Cir. Mar. 10, 2014).
[2] "'Limiting the presentation of customization options to the user interface of a computer system provides a token and conventional, post-solution limitation that is insufficient to render the claim patent eligible.'" *Id.* (quoting *Clear with Computers, LLC v. Dick's Sporting Goods, Inc.*, -- F. Supp. 2d --, 2014 U.S. Dist. LEXIS 32209, at *23 (E.D. Tex. 2014))

1  likewise does not rescue the claims because this is conventional activity previously engaged in by
2  those in the field.  As Cogent has admitted, physicians were doing this for themselves prior to the
3  '879 Patent.  *See* Doc. 19 at 2 (physicians would "read peer-reviewed journals or conduct regular
4  searches of computer databases," "keep paper files on subjects of interest to them," and "regularly
5  update these paper files").  Similarly, providing medical information that is "preselected" based
6  on the user's interests but "not literally within the search terms utilized by the user" (Doc. 44 at 2;
7  *id.* at 4-5) is conventional activity that does not confer patent eligibility.  Physicians and librarians
8  were no doubt doing this prior to the '879 Patent when they perused peer-reviewed journals (*see*
9  Doc. 19 at 2) and aided researchers, respectively.  Moreover, this "preselected" information
10 expressly includes advertising (Ex. 1 to Doc. 17 at 5:14-18; *id.* at 6:45-46), and magazines and
11 journals have long included advertisements along with the articles of interest to their readers.

12 Finally, although Cogent alleges that its claims "introduce an aspect of artificial
13 intelligence," Doc. 44 at 5, it provides no citation or support for that assertion, and neither the
14 '879 Patent nor the claims reference "artificial intelligence."

## III.  CONCLUSION

Elsevier respectfully requests that the Court dismiss Cogent's Complaint pursuant to Rule
12(b)(6) without leave to amend.  "[U]pholding the patent[] would risk *disproportionately* tying
up the use of the underlying abstract ideas . . . , inhibiting their use in the making of further
discoveries."  *Compression Tech.*, 2013 U.S. Dist. LEXIS 78338, at *11 (emphasis in original)
(internal quotation marks and citation omitted).

Dated:       August 25, 2014         JOHN A. O'MALLEY
                                     DAVID BEN-MEIR
                                     RICHARD S. ZEMBEK
                                     DANIEL A. PRATI
                                     SHEILA KADURA

                                     **FULBRIGHT & JAWORSKI LLP**

                                     By  s/ Richard S. Zembek
                                         RICHARD S. ZEMBEK
                                         Attorney for Defendant Elsevier, Inc.
                                         E-mail: richard.zembek@nortonrosefulbright.com

DOCUMENT PREPARED ON RECYCLED PAPER